TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for defendant
Asset Acceptance, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| TINA ARTEAGA,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC,<br><br>Defendant. | CASE NO.: 1:09-cv-01860 LJO GSA<br><br>**ANSWER TO COMPLAINT** |

Defendant ASSET ACCEPTANCE, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff TINA ARTEAGA ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that in Plaintiff's first cause of action, she alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that in Plaintiff's second cause of action, she alleges violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant lacks sufficient knowledge to form a belief, and therefore can neither admit nor deny, whether it "acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys" as to Plaintiff.

4. In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), the contents of which are self-explanatory, and that supplemental jurisdiction exists over Plaintiff's state law claims. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendant admits that it has, at times, conducted business in the State of California, and that Plaintiff alleges that personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that venue is proper pursuant to 28 U.S.C. § 1391(b)(2). Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. Denied.

8. Admitted, on information and belief.

9. In answering Paragraph 9 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the obligation qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h). Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. In answering Paragraph 10 of the Complaint, Defendant admits that it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6). Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the obligation qualifies as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f). Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge as to what Plaintiff means by "national company" and therefore can neither admit nor deny whether it is a "national company." Defendant admits it maintains offices in Warren, Michigan. Except as herein admitted, the remaining allegations of Paragraph 11 are denied

12. In answering Paragraph 12, Defendant admits that it has placed telephone calls to Plaintiff in an attempt to collect Plaintiff's financial obligation

at issue. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. Denied.

14. Denied.

15. Admitted.

16. Denied.

17. In answering Paragraph 17 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

18. In answering Paragraph 18 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

19. In answering Paragraph 19 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

20. In answering Paragraph 20 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

21. In answering Paragraph 21 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

22. Defendant incorporates by reference paragraphs 1 through 21 above as if fully set forth herein.

23. Denied.

24. In answering Paragraph 24 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

25. In answering Paragraph 25 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

26. In answering Paragraph 26 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

27. In answering Paragraph 27 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

28. In answering Paragraph 28 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information

and belief, barred in whole or in part by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

//

//

//

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

**(Supervening Cause)**

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equitable Indemnity)**

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the Rosenthal Act and FDCPA must be rejected as it would place

an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff its costs according to proof.

3. That Defendant recover its attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: December 21, 2009

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JEFFREY A. TOPOR

By: s/Jeffrey A. Topor
Jeffrey A. Topor
Attorneys for defendant
Asset Acceptance, LLC