1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

12  TINA ARTEAGA,                        )   CASE NO.: 1:09-cv-01860 LJO GSA
                                         )
13              Plaintiff,               )   **STIPULATION AND PROTECTIVE**
                                         )   **ORDER**
14                                       )
        vs.                              )
15                                       )
                                         )
16  ASSET ACCEPTANCE, LLC,               )
                                         )
17                                       )
                                         )
18              Defendant.               )
                                         )
19  _____            )

20
21
22
23
24
25
26
27
28

ARTEAGA V. ASSET ACCEPTANCE, LLC (CASE NO. 1:09-cv-01860 LJO GSA)
STIPULATION AND PROPOSED PROTECTIVE ORDER

1       WHEREAS information and documents which may be provided in

2   disclosure or discovery in this litigation may be of a confidential nature and one of

3   the purposes of this Order is to protect the confidentiality of such information; and

4       WHEREAS the Federal Rules of Civil Procedure, including without

5   limitation Rule 26(c), provide for the issuance of protective orders limiting the

6   disclosure of certain information in appropriate circumstances;

7       THEREFORE, IT IS HEREBY ORDERED THAT:

8       "Confidential" and "Highly Confidential" Materials

9       1.    Any information or materials, including, without limitation (a)

10  documents, exhibits, answers to interrogatories, required disclosures under any

11  federal procedure rule or Eastern District of California Local Rule, responses to

12  requests for admissions, deposition transcriptions and all written, recorded,

13  graphic or electronically-stored matters (and all identical and non-identical copies

14  thereof), (b) any copies, notes, abstracts or complete or partial summaries of such

15  information, and the information itself, and (c) any pleading, affidavit, declaration,

16  brief, motion, transcript or other writing containing such information (collectively,

17  "Litigation Materials"), may be designated as "Confidential" in the manner

18  described below.  Materials containing or comprising confidential business

19  information, trade secrets, or competitively sensitive research, marketing or

20  development information may be designated as "Highly Confidential."

21      2.    All Litigation Materials provided (before or after entry of this Order)

22  in connection with disclosure or discovery in connection with the above-captioned

23  litigation ("this litigation"), and the contents thereof: shall be used by the parties

24  and their counsel solely for the purpose of the prosecution or defense of this

25  litigation, including preparing for and conducting pre-trial, trial and post-trial

26  proceedings in this litigation; shall not be used for any business, commercial or

27  competitive purpose; and shall not be used in connection with any other litigation

28

ARTEAGA V. ASSET ACCEPTANCE, LLC (CASE NO. 1:09-cv-01860 LJO GSA)
STIPULATION AND PROPOSED PROTECTIVE ORDER     1.

1   or proceeding.  Litigation Materials, and the contents thereof, shall not be

2   disclosed in violation of this Order.

3          3.     Any Litigation Material that has previously and properly been made

4   available to the public, through court proceeding or otherwise, shall not be

5   designated "Confidential" or "Highly Confidential."

6          4.     Nothing in this Order affects the right of the party or nonparty that

7   produced Litigation Materials to use or disclose such information in any way.

8   Such use or disclosure shall not waive the protections of this Order and shall not

9   entitle any other party, nonparty or their attorneys to use or disclose such

10  information in violation of this Order, unless, by such disclosure of the producing

11  party, the information comes within the scope of paragraph 3 of this Order.

12          Designation of "Confidential" and "Highly Confidential" Materials

13         5.     Any party or nonparty may designate Litigation Materials, or portions

14  thereof, which are considered confidential at the time such Litigation Materials are

15  produced by marking them "Confidential" or "Highly Confidential."  For

16  deposition testimony, counsel may invoke the provisions of this Order by stating

17  on the record during the deposition that testimony given at the deposition is

18  designated "Confidential" or "Highly Confidential," or by designating the

19  deposition transcript or portions thereof as "Confidential" or "Highly

20  Confidential" within the time within which the witness may sign the deposition

21  transcript.  No person shall be present during portions of the depositions

22  designated "Confidential" or "Highly Confidential" unless such person is an

23  authorized recipient of Litigation Materials containing such confidential

24  information under the terms of this Order.  All information disclosed during a

25  deposition shall be deemed to have been designated "Highly Confidential" until

26  the expiration of the time within which the witness may sign the transcript,

27  whether or not any portion of the transcript has been so designated previously.  In

28

order to provide the parties adequate opportunity to designate Litigation Materials
as "Confidential" or "Highly Confidential," all Litigation Materials produced in
this case shall be deemed "Highly Confidential," whether or not stamped with that
legend, for a period of at least fifteen (15) days following production, unless the
producing person agrees otherwise in writing or the Litigations Materials are
within the scope of paragraph 3 of this Order.  The inadvertent failure to designate
Litigation Material as "Confidential" or "Highly Confidential" at the time of
production or disclosure, or thereafter, shall not waive a party's or nonparty's right
to later designate such Litigation Materials as "Confidential" or "Highly
Confidential."

   6.    With respect to all Litigation Materials provided for inspection by a
party's counsel, designation by stamping or labeling need not be made until copies
of the materials are requested after inspection and selection by counsel.  Making
documents and things available for inspection shall not constitute a waiver of any
claim of confidentiality, and all materials provided for inspection shall be treated
as though designated "Highly Confidential" at the time of the inspection.

   7.    The party or nonparty designating any Litigation Materials as
"Confidential" or "Highly Confidential" shall, in the first instance, determine in
good faith whether it constitutes confidential information covered by this Order.
The receiving party may object in good faith to such confidential designation
within thirty days (30) days of its receipt of such designation.  Said objection shall
me made in writing and sent to the designating person.  The persons involved will
then have ten (10) days to negotiate an informal resolution of the dispute.  If
attempts at any informal resolution of any such dispute prove unsuccessful, the
objecting person may then file with the Court within fourteen (14) days thereafter
a noticed motion to declassify the designated "Confidential" or "Highly
Confidential" Litigation Materials.  Any Litigation Materials, the designation of

1    which is subject to such dispute, shall be treated as designated pending further

2    order of the Court.  The person who asserts the confidentiality of any such

3    Litigation Materials shall bear the burden of establishing that the Litigation

4    Materials are entitled to be classified as designated.

5        8.    If any Litigation Materials designated "Confidential" or "Highly

6    Confidential" pursuant to this Order are used during the course of a deposition, the

7    portion of the deposition record reflecting such "Confidential" or "Highly

8    Confidential"information shall be sealed and stamped as "Confidential" or

9    "Highly Confidential," as applicable, and access thereto shall be limited pursuant

10   to the terms of this Order.

11       9.    Whenever any person who has any legal or practical interest in

12   Litigation Materials produced or disclosed by any other party or nonparty believes

13   in good faith that such Litigation Materials contain "Confidential" or "Highly

14   Confidential" material, that person may designate such material as "Confidential"

15   or "Highly Confidential" even if the Litigation Materials have not been so

16   designated by the person producing them.

17

18       Authorized Receipt of "Confidential" and "Highly Confidential" Materials

19       10.   Litigation Materials designated or treated as "Confidential" or copies

20   or extracts therefrom and the information contained therein may be given, shown,

21   made available, or communicated to only the following (and then only for the

22   purposes of the prosecution or defense of this litigation):

23              a.    the Court;

24              b.    court reporters who record depositions or other testimony in

25   this action;

26              c.    outside counsel for the parties, and employees of those law

27   firms, involved in the prosecution or defense of this litigation;

28

1
2
3

        d.     the named plaintiff and defendant party personnel (including, without limitation, in-house counsel) actively involved in the defense of this litigation;

4
5
6
7

        e.     third party consultants and independent experts and their staffs retained by the parties or their attorneys for purposes of this litigation to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation;

8
9

        f.     outside copying and computer services necessary for document or other litigation support personnel (*e.g.* graphic designers and animators);

10
11
12

        g.     actual or proposed deposition and trial witnesses (but no sooner than is necessary to prepare for impending testimony or to ask deposition or trial questions); and

13
14
15
16

        h.     any other person upon the written agreement of the party or nonparty who designated the Litigation Materials as "Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order.

17
18
19
20

    11.    Documents designated or treated as "Highly Confidential" or copies or extracts therefrom, and the information contained therein, may be given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this litigation):

21

        a.     the Court;

22
23

        b.     court reporters who record depositions or other testimony in this action;

24
25

        c.     outside counsel for the parties, and employees of those law firms, involved in the prosecution or defense of this litigation;

26
27
28

1        d.    in-house counsel for the defendant; and any in-house counsel's

2 paralegals and assistants who are actively involved in the preparation or defense of

3 this litigation;

4        e.    employees of the producing person in a deposition;

5        f.    third party consultants and independent experts and their staffs

6 retained by the parties or their attorneys for purposes of this litigation to whom it

7 is necessary that the Litigation Materials be shown for purposes of assisting

8 counsel in this litigation;

9        g.    outside copying and computer services necessary for document

10 or other litigation support personnel (*e.g.* graphic designers and animators);

11        h.    any other person upon the written agreement of the party or

12 nonparty who designated the Litigation Materials as "Highly Confidential."

13     12.    Nothing in this Order shall require that non-testifying experts and

14 consultants be deposed or otherwise be the subject of discovery other than as

15 provided under the Federal Rules of Civil Procedure.

16     13.    If a party in this litigation desires to give, show, make available or

17 communicate any Litigation Material designated or treated as "Confidential" or

18 "Highly Confidential" to any person who is not specifically authorized to have

19 access to such Litigation Material pursuant to paragraph 10 or paragraph 11,

20 respectively, the requesting party will disclose to the other parties (and any

21 designating nonparty) the identity and background of the person to whom

22 disclosure of the document is sought.  The parties (and any designating nonparty)

23 will then have ten (10) days from the receipt of such information to negotiate the

24 terms of disclosure to said person and, if no agreement can be reached, the

25 requesting party may apply to the Court on notice within fourteen (14) days

26 thereafter for Court authorization to make such disclosure.

27

28

14.     Each person permitted to have access to Litigation Materials designated or treated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall, prior to being afforded such access to such Litigation Material, be shown this Order and, if not a lawyer acting as outside or in-house counsel to a party or a paralegal or assistant of such counsel, shall sign an agreement in the form attached hereto as **Exhibit A**.  A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such Litigation Materials have been disclosed.  In the event that any designating person or its counsel has reason to believe in good faith that "Confidential" or "Highly Confidential" Litigation Materials have been disclosed to any person without first obtaining the designating person's written agreement to abide by this Order (if required), the opposing person who allegedly made such unauthorized disclosure shall, immediately upon request, provide a copy of said written agreement to the Court for *in camera* inspection.

15.     Notwithstanding any other provision of this Order, nothing herein shall prohibit counsel for a party from disclosing a document containing information designated "Confidential" or "Highly Confidential" to any person which the document clearly identifies as the author, addressee, or carbon copy recipient of such document, or to any current employee of the designating party, or to any former employee of the designating party provided that, in the case of a former employee, the document was distributed before the employee left the designating party's employ.  During deposition or trial testimony, counsel may disclose documents produced or prepared by a party to current and former employees, officers and consultants of the producing party.

//

//

//

<u>Treatment of "Confidential" and "Highly Confidential" Materials</u>

16.    Litigation Materials designated or treated as "Confidential" or "Highly Confidential," when filed with pleadings or as evidence, shall be delivered sealed to the Clerk of the Court, and shall not be available for public inspection.  Envelopes used to seal "Confidential" Litigation Materials shall carry the notation "Confidential – This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.  *Arteaga v. Asset Acceptance, LLC*, Case Number 1:09-cv-01860 LJO GSA."  Envelopes used to seal "Highly Confidential" documents shall carry the notation: "Highly Confidential – This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with that Order.  *Arteaga v. Asset Acceptance, LLC*, Case Number 1:09-cv-01860 LJO GSA."

17.    Nothing herein shall prevent any of the parties from using "Confidential" or "Highly Confidential" Litigation Materials in connection with any trial in this litigation or from seeking further protection with respect to the use of any "Confidential" or "Highly Confidential" Litigation Materials in connection with any trial in this litigation.  Means to preserve the confidentiality of Litigation Materials presented at any trial of this matter shall be considered and implemented prior to the beginning of such trial.  Litigation Materials that are not received into evidence at trial shall retain their "Confidential" or "Highly Confidential" status under the Order.

18.    The terms of this Order shall apply to all manner and means of disclosure and discovery, including inspection of books, records, and documents.  The provisions of this Order may be modified at any time by stipulation of the parties and any applicable nonparty approved by order of the Court.  In addition, a party or nonparty may, at any time, apply to the Court for modification of this

Order pursuant to a motion brought in accordance with the rules of the Court.  No part of the restrictions imposed by this Order may be waived or terminated except by written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown.

19.    Nothing in this Order shall constitute (a) any agreement by any party or nonparty to produce any documents or other information in discovery or disclosure no otherwise agreed upon or required by court order; (b) a waiver by any party or nonparty of any right to object to or seek a further Protective Order with respect to any discovery or disclosure in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document or information.

<u>Inadvertent Disclosure and Inadvertent Production of "Confidential" or "Highly Confidential"Materials</u>

20.    In the event that Litigation Materials designated or treated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party involved in the disclosure shall immediately give notice to counsel of record for the person that designated the Litigation Materials as "Confidential" or "Highly Confidential" and to counsel of record for the person that produced those Litigation Materials (if different), and shall also describe the circumstances surrounding the unauthorized disclosure.

21.    In the event that Litigation Materials designated or treated as "Confidential" or "Highly Confidential" are inadvertently produced without the appropriate designation, such documents and all copies thereof shall be returned to the producing persons within two (2) days of any written notice requesting their return, or immediately stamped "Confidential" or "Highly Confidential" as

1  requested by the designating person.  The receiving party may challenge the

2  confidential nature of the documents as provided in paragraph 6 of this Order, but

3  the inadvertent production of the Litigation Materials (including, without

4  limitation, testimony) claims to be "Confidential" or "Highly Confidential" shall

5  not constitute a waiver of confidentiality or an admission of non-confidentiality.

6

7  <u>Inadvertent Disclosure of Work Product or Privileged Information</u>

8      22.   (a) In the event of disclosure of any information or other Litigation

9  Materials subject to work product immunity, the attorney-client privilege or any

10 other privilege, protection, or immunity, the disclosing party may (promptly upon

11 learning of such disclosure) notify the receiving party(ies) of such disclosure.

12 Upon such notification, the receiving party(ies) shall promptly return such

13 information or other Litigation Materials (including, without limitation, any

14 documents containing or comprising such information or other Litigation

15 Materials) to the disclosing person, and the information or Litigation Materials

16 shall continue to be privileged, protected or immune.  No use shall be made of

17 such information or other Litigation Materials (including, without limitation, any

18 documents containing or comprising such information or other Litigation

19 Materials) by the receiving party(ies).  The receiving party(ies) shall promptly

20 provide to the disclosing person a written certification of the complete return of

21 such information or other Litigation Materials (including, without limitation, an

22 documents containing or compromising such information or other Litigation

23 Materials); provided that, to the extent any receiving party has incorporated any

24 such information or other Litigation Materials in its own work product, it may

25 (instead of providing such work product to the disclosing person) destroy such

26 information or other Litigation Materials incorporated in that work product and

27 promptly certify to such destruction.

28

1   (b)     Nothing in this paragraph shall affect any position that any

2   information governed by this paragraph is not subject to any privilege, protection

3   or immunity because of factors other than its production in discovery in this

4   litigation, but the possibility or assertion of any such position shall not relive any

5   receiving party of its obligations under this paragraph.

6

7                         Termination of Proceedings

8          23.     Upon termination of this litigation, the originals and all copies,

9   whether exact copies or compilations, digests or non-exact copies in any form, of

10  Litigation Materials shall be returned to the person who produced such Litigation

11  Materials, or may be disposed of in some other manner that is mutually agreeable

12  among the applicable persons.  Nevertheless, counsel of record may retain their

13  file copies of all court filings, official transcripts and exhibits, provided that

14  counsel continues to treat all Litigation Materials in the manner provided in this

15  Order.

16         24.     The termination of proceedings in this action shall not thereafter

17  relieve the parties from complying with the use and disclosure limitation imposed

18  by this Order, and the Court shall retain jurisdiction to enforce this Order.

19

20  SO STIPULATED.

21

22  DATED: March 30, 2010            SIMMONDS & NARITA LLP
                                      TOMIO B. NARITA
23                                    JEFFREY A. TOPOR

24

25                                    By:    /s Jeffrey A. Topor
26                                        Jeffrey A. Topor
                                          Attorneys for defendant
27                                        Asset Acceptance, LLC

28

1  DATED: March 30, 2010          KROHN & MOSS, LTD.
                                   NICHOLAS J. BONTRAGER
2

3

4
                                   By:    /s Nicholas J. Bontrager
5                                         Nicholas J. Bontrager
                                          Attorneys for plaintiff
6                                         Tina Arteaga

7

8

9

10                                 **ORDER**

11

12

13      IT IS SO ORDERED.

14      **Dated:   March 30, 2010**           **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28