Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
TINA ARTEAGA

## UNITED STATES DISTRICT COURT,
## EASTERN DISTRICT OF CALIFORNIA,
## FRESNO DIVISION

|  |  |
|---|---|
| TINA ARTEAGA, | **Case No.:** 1:09-cv-01860 LJO GSA |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THE ORDER RE: GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF** |
| v. | |
| ASSET ACCEPTANCE, LLC, | |
| Defendant. | **Date: October 4, 2010** |
| | **Time: 8:30 a.m.** |
| | **Courtroom: 4** |
| | **Hon. Lawrence J. O'neill** |

**TO:  THIS HONORABLE COURT AND TO ALL PARTIES HEREIN AND THEIR ATTORNEY'S OF RECORD:**

PLEASE TAKE NOTICE THAT on October 4, 2010, at 8:30 a.m. in Courtroom 4, before Honorable Lawrence J. O'neill, Plaintiff, TINA ARTEAGA, ("Plaintiff"), will move, and hereby does move, for an order Vacating this Court's Order re: Granting Summary Judgment in favor of Defendant and against Plaintiff, entered by this Court on August 23, 2010.

This motion is brought pursuant to Local Rule 230(j).  This motion is based upon this notice of motion, on the memorandum of points and authorities filed and served herewith, and on the complete record and file herein, upon such other and/or further matter of which this Court

1   may take judicial notice and such other and/or further evidence or argument of counsel as shall

2   be presented in reply to any opposition to the motion or at any oral argument of the motion.

3

4

5                              RESPECTFULLY SUBMITTED,

6   DATED:  September 2, 2010              KROHN & MOSS, LTD.

7                              _____

8                              By:_/s/ Nicholas J. Bontrager_____

9                                   Nicholas J. Bontrager
                                    Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
TINA ARTEAGA

## UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF CALIFORNIA,
### FRESNO DIVISION

| | |
|---|---|
| TINA ARTEAGA, | ) **Case No.:** 1:09-cv-01860 LJO GSA |
| Plaintiff, | ) **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION FOR RECONSIDERATION OF THE ORDER RE: GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDAN AND AGAINST PLAINTIFF** |
| v. | |
| ASSET ACCEPTANCE, LLC, | |
| Defendant. | |
| | ) **Date: October 4, 2010** |
| | ) **Time: 8:30 a.m.** |
| | ) **Courtroom: 4** |
| | ) **Hon. Lawrence J. O'neill** |

Plaintiff, TINA ARTEAGA ("Plaintiff"), hereby respectfully submits the following memorandum of points and authorities in support of her motion for reconsideration of this Court's Order re: Granting Summary Judgment in favor of Defendant and against Plaintiff, entered by this Court on August 23, 2010.

## I.   INTRODUCTION

Plaintiff moves this Court to reconsider the Order granting summary judgment as to all claims in favor of Defendant and against Plaintiff.  On October 21, 2009, Plaintiff filed her Complaint against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA) based on allegations that Defendant called her "constantly and

- 1 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

continuously" in an attempt to collect an allegedly unpaid debt, and threatened to "attach" her bank account.  *See* DE 1.

On April 30, 2010, Plaintiff was deposed and at her deposition Plaintiff testified that Defendant made a series of "daily", or "real close to daily" calls to Plaintiff in an attempt to collect an alleged debt that Plaintiff believed she paid twelve years ago.  *See* Declaration of Plaintiff attached as Exhibit "A" to Defendant's Motion for Summary Judgment at 53:23-25, 56:20-24, 91:12-15, 93:20-94:5.   On the contrary, Defendant posits that between April 16 and September 29, 2009, Defendant placed a total of eighteen telephone calls to Plaintiff's residence. *See* Declaration of Ken Proctor at ¶ 6 attached to Defendant's Motion for Summary Judgment.

Furthermore, on one occasion, when Plaintiff contacted Defendant, Defendant explained that Plaintiff could send a letter stating that the account had been "paid in full or settled," or a copy of the cancelled check or other form of payment along "with a letter/statement that indicates a satisfaction amount relating to the payment instrument."  *See* Declaration of Ken Proctor in Support of Defendant's Motion for Summary Judgment at ¶ 4; Exhibit "A" to Declaration of Jeffrey Toper in Support of Defendant's Motion for Summary Judgment  ¶ 4; Exhibit "B" at 43:22-44.   Plaintiff testified that she was told by Defendant that it "could attach [her] bank accounts", Defendant "could attach to [her] account with or without" her sending Defendant correspondence, Defendant "could attach [her] bank records or [her] bank accounts without [her] cooperation".  *See* Exhibit "B" to Defendant's Motion for Summary Judgment at 27:13-28:13; 29:12-21; 30:14-31:9; 35:23-36:2; 36:9-11;  47:9-13.

 On July 9, 2010, Defendant filed its Motion for Summary Judgment.  *See* DE 15. Plaintiff filed her Response to Defendant's Motion for Summary Judgment on August 16, 2010. *See* DE 16.  On August 23, 2010, this Court entered an order granting Defendant's Motion for Summary Judgment.  *See* DE 20.  Based on the above, and despite the fact that Plaintiff testified that Defendant was calling her "daily" or "nearly daily", in direct contravention to Defendant's evidence, the Court granted Defendant summary judgment against Plaintiff on her §§ 1692d and 1692d(5) claims.  Moreover, the reasoned that summary judgment in favor of Defendant on

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

Plaintiff's §§ 1692e(4) and 1692e(5) claims was proper because Defendant's alleged statement that it could attach Plaintiff's bank account even if Plaintiff did not send Defendant a copy of the previous settlement check would be viewed as "informational" to the least sophisticated consumer, and not a threat to do something that Defendant could not legally do.  The Court further also found that the circumstances surrounding the statement make clear that the least sophisticated consumer would not believe Defendant's statements to be a threat to take action without authority or intent to do so.

Lastly, With respect to Defendant's affirmative defense sounding in bona fide error, this Court stated:

> The uncontested evidence establishes that [Defendant] had policies and procedures in place that were reasonably adapted to avoid false representations made to consumers, or implications that [Defendant] would attach a consumer's bank account if a debt was not paid without the legal right to do so.  Ms. Plimely declares that [Defendant] trained her that it was against the law to threaten to garnish wages or attach assets if [Defendant] did not have a judgment against the consumer.  Thus, if the factfinder were to believe [Plaintiff] that Ms. Plimely stated that [Defendant] could attach her bank account, Ms. Plimely would have been acting contrary to policies, procedures and training that [Defendant] implemented to prevent debtor harassment.  According to the evidence, Ms. Plimely was given detailed training and was tested on the requirements of the FDCPA.  The training included a blanket prohibition on making false or misleading statements, or using any threatening, harassing or abusive language.  These procedures were reasonable methods for preventing collection personnel from making inappropriate statements during collection calls.  Accordingly, [Defendant] has established that a violation of Section 1692e(4) or e(5), or the Rosenthal Act, was the result of a bona fide error, and is entitled to summary judgment in its favor.

*See* DE 20.  Plaintiff now requests that this Court reconsider its August 2, 2010 order granting Defendant's Motion for Summary Judgment as to Plaintiff's §§ 1692d, 1692d(5), 1692e(4), 1692e(5) and Defendant's affirmative defense sounding in bona fide error.

//

//

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

## II.     STANDARD OF REVIEW

A motion for reconsideration must accomplish two goals.  *Donaldson v. Liberty Mut. Ins. Co.,* 947 F.Supp. 429, 430 (D. Hawai'I 1996).   "First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.   Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *Id.*

In pursuit of these "two goals" reconsideration if appropriate if the district court, "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).   In addition to these specifically enumerated but non-exclusive grounds justifying reconsideration, courts have recognized "[t]here may also be other, highly unusual, circumstances warranting reconsideration."  *Id.*

## III.    PLAINTIFF'S FDCPA & RFDCPA CLAIMS

In determining whether debt collectors are liable under the FDCPA, the Ninth Circuit ruled that violations should be evaluated under the "least sophisticated debtor" standard. *Swanson v. S. Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1989).   The least sophisticated debtor standard is objective and meant to protect all consumers, "the gullible as well as the shrewd … the ignorant, the unthinking and the credulous."  *Clark v. Capital Credit & Collection Serv.,* 460 F.3d 1162, 1171 (9th Cir. 2006).   Using this standard, a court must ask whether the information provided by the debt collector or the actions of the debt collector are confusing or misleading to the least sophisticated debtor.  *Id.*  Because FDCPA was modeled after the Truth-in-Lending Act ("TILA"), courts often look to TILA cases in deciding FDCPA claims.  *Bracken v. Harris & Zide, L.L.P.,* 219 F.R.D. 481, 484 (N.D. Cal. 2004).  Lastly, "[t]he FDCPA is a strict liability statute."  *Irwin v. Mascott,* 112 F.Supp.2d 937, 963 (N.D. Cal. 2000).

- 4 -

A plaintiff need not prove either that defendant knew that their debt collection practices were illegal or that they intended to violate the law. *Id.* California incorporated FDCPA into the RFDCPA under *Cal. Civ. Code § 1788.17.* Because violations of FDCPA also constitute violations of RFDCPA, a court need only refer to the alleged violations under FDCPA. *Costa v. Nat'l Action Fin. Serv.,* 2007 WL 4526510 at *7 (E.D. Cal. 2007).

## IV. THE COURT COMMITTED CLEAR ERROR BY GRANTING DEFENDANT SUMMARY JUDGMENT AS TO PLAINTIFF'S §§ 1692E(4) AND 1692E(5) CLAIMS.

This Court's order finding that Defendant did not violate §§ 1692e(4) and 1692(e)(5) because Defendant did not indicate that it "would" take action to attach her bank account and instead indicated only that it "could" take such action is in error and does not comport with Circuit Court case law finding such distinction to be immaterial. Section 1692e borrows the legal concept of deception from the Federal Trade Commission Act ("FTC Act"). 15 U.S.C. § 45; *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985). Because the FDCPA expressly recognized the inadequacy of existing laws, including the FTC Act, to protect consumers, the idea of deception encompassed by section 1692e was intended to be more protective of consumers than the law in place at the time the FDCPA was enacted, including the FTC Act. 15 U.S.C. § 1692b; *see also Jeter,* 760 F.2d at 1168.

The proscription of deception developed by the FTC Act, and according decisions of courts discussing the same, is quite broad and approaches a requirement of merchants of honest openness and truthful frankness when dealing with consumers. Many of the elements of common law fraud are irrelevant to an action for deception under section 1692e. In particular, there is no requirement that intent to deceive be established. Knowledge of a statement's falsity is not a necessary element to establish deception. The fact that a practice is customary does not prevent it from being deceptive. The "capacity" or "tendency" to deceive is sufficient so that actual deception need not be shown to establish damages. *Id.* at § 4.2.9; *Morgan v. Credit Adjustment*

- 5 -

*Board, Inc.,* 999 F. Supp. 803 (E.D. Va. 1998).

The Federal Trade Commission ("FTC") Commentary regarding section 1692e(5) comports with the analysis of the above courts.  The FTC states:

> A debt collector may not state **or imply** that he or any third party may take any action unless such action is legal and there is a **reasonable likelihood**, at the time the statement is made, that such action will be taken.  A debt collector may state that certain action is possible, if it is true that such action is legal and is **frequently taken** by the collector or creditor with respect to similar debts; however, **if the debt collector has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading**.
>
>                           *            *            *
>
> Section 807(5) refers not only to a false threat of legal action, but also a false threat by a debt collector that he will report a debt to a credit bureau, assess a collection fee, **or undertake any other action** if the debt is not paid.  A debt collector may also not misrepresent the imminence of such action**.**  A debt collector's **implication**, as well as a direct statement, of planned legal action may be an unlawful deception.  **For example, reference to an attorney or to legal proceedings may mislead the debtor as to the likelihood or imminence of legal action**.

53 Fed. Reg. 50106. (emphasis added).  JA-33 at 56).

Furthermore, vagueness of the language contributes to the implication of a violation.  *See Piples v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 25 (2nd Cir. 1989).  The clear import of the language, taken as a whole, is that **some** type of action has already been or is about to be initiated and can be averted from running its course only by payment (emphasis in original).  *Id.*  Importantly, if the referenced action is not taken, or cannot be taken, a violation of § 1692e(5) results.  *Id.; see also Baker v. G.C. Services Corp.,* 677 F.2d 775 (9th Cir. 1982) (defendant violates § 1692e(5) where it "create[d] the impression that legal action by defendant is a real possibility" and a consumer could legitimately believe that "further collection procedures" meant court action "when defendant had no intention of pursuing such a course of action").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

To the least sophisticated consumer, Defendant's statement that it could attach her bank account conveys a realistic rather than hypothetical threat, as well a reasonable inference that Plaintiff, should she not pay to Defendant the alleged balance demanded in full, could do nothing other than wait for the Defendant to take action during the ensuing weeks. In other words, Defendant's "informational statement" could very reasonably have appeared as an ominous warning of things to come creating the impression that further action by Defendant is a real possibility. *See Baker v. G.C. Services Corp.,* 677 F.2d 775 (9th Cir. 1982). Additionally, Plaintiff testified that she was told by Defendant that it "could attach [her] bank accounts", Defendant "could attach to [her] account with or without" her sending Defendant correspondence, Defendant "could attach [her] bank records or [her] bank accounts without [her] cooperation". *See* Exhibit "B" to Defendant's Motion for Summary Judgment at 27:13-28:13; 29:12-21; 30:14-31:9; 35:23-36:2; 36:9-11; 47:9-13. If Plaintiff based her interpretation on her own internet research exposing conduct on the part of Defendant that shows a "tendency" to deceive this would be sufficient so that actual deception need not be shown. *Id.* at § 4.2.9; *Morgan v. Credit Adjustment Board, Inc.,* 999 F. Supp. 803 (E.D. Va. 1998). Accordingly, this Court clearly erred when it entered summary judgment in favor of Defendant on Plaintiff's §§ 1692e(4) and 1692(e)(5).

## V. THE COURT COMMITTED CLEAR ERROR BY GRANTING DEFENDANT SUMMARY JUDGMENT AS TO PLAINTIFF'S §§ 1692D AND 1692D(5) CLAIMS.

The FDCPA is to be interpreted in accordance with the "least sophisticated" or "unsophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985) (adopting the "least sophisticated" consumer standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of "least sophisticated debtor" standard); *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222 (9th Cir. 1988) (holding that provisions of the FDCPA are to be judged under the "least sophisticated debtor" standard); *Gammon v. GC Services Ltd*

- 7 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

*Partnership*, 27 F. 3d 1254 (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting objective element of reasonableness).  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive debt collection practices, and protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

Importantly, the *Jeter* court held:

> Whether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication; rather, susceptibility might be affected by other circumstances of the consumer or by the relationship between the consumer and the debt collection agency.   For example, a very intelligent and sophisticated consumer might well be susceptible to harassment, oppression, or abuse because he is poor (i.e., has limited access to the legal system), is on probation, or is otherwise at the mercy of a power relationship.   Claims under section 1692d of the FDCPA should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse.

*Jeter,* 760 F.2d 1168, 1179 (11th Cir. 1985).

In the present case, the Court entered its Order granting Defendant summary judgment against Plaintiff on her §§ 1692d and 1692d(5) claims.  The Court accepted that Defendant called Plaintiff eighteen times and reasoned that Defendant's conduct did not rise to the level of harassment and failed to establish whether the phone calls were initiated with the intent to harass.  However, Plaintiff testified that Defendant was calling her "daily" or "nearly daily" and that she knew it was Defendant because "there were messages" on the answering machine" and she has "caller ID".  This is in direct contravention to Defendant's evidence, the Court granted Defendant summary judgment against Plaintiff on her §§ 1692d and 1692d(5) claims.  In granting summary

- 8 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

judgment in favor of Defendant as to these claims, the court disregarded case law from throughout the nation recognizing that whether the nature and frequency of debt collection calls constitutes harassment is a **factual issue for the jury.**  *See Bassett v. I.C. System, Inc,* 2010 WL 2179175, -- F. Supp.2d -- (N.D. Ill. June 01, 2010); *Krapf v. Nationwide Credit, Inc,* 2010 WL 2025323 (C.D. Cal. May 21, 2010); *Kerwin v. Remittance Assistance Corp.,* 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made"); *Joseph v. J.J. Mac Intyre Companies, LLC.,* 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002) ("[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls");  *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1453 (D. Nev. 1994) (six telephone calls in twenty-four minutes constituted harassment in violation of § 1692d(5));  *United States v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370, 376 (N.D. Tex. 1986), *aff'd,* 823 F.2d 880 (5th Cir. 1987) (finding harassment where debt collector made as many as four to five telephone calls to the same debtor in one day);  *Bingham v Collection Bureau, Inc.,* 505 F.Supp. 864, 873 (D. N.D. 1981) (a single subsequent call could constitute harassment under § 1692d(5) regardless of the content of the call); *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F.Supp.2d 492, 506 (D. Md. 2004) ("The record reflects periods in which telephone calls were made on a daily basis and three telephone calls being made within five hours on the same day. The reasonableness of this volume of calls and their pattern is a question of fact for the jury");  *Prewitt v. Wolpoff & Abramson*, LLP, 2007 WL 841778 (W.D. N.Y. 2007) (number of calls was an issue of fact for fact finder); *Sanchez v. Client Services,* 520 F.Supp.2d 1149, 1161 (2007) (N.D. Cal. 2007) ("the frequency and volume of the telephone calls show that defendants intended to annoy, abuse and harass plaintiff Irma Sanchez"); and *Clark v*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

*Quick Collect, Inc.*, 2005 WL 1586862, *4 (D. Or. 2005) ("The Court, therefore, holds the reasonableness of Morrin's volume of calls and their pattern is a question of fact for the jury").

Furthermore, the FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002); *see e.g. Plummer v. Gordon*, 193 F.Supp.2d 460, 463 (D.Conn.2002); *Ross v. Commercial Fin. Servs.*, 31 F.Supp.2d 1077, 1079 (N.D. Ill. 1999); *Harrison v. NBD, Inc.*, 968 F. Supp. 837 (E.D. N.Y.1997). The Court in the present case did not construe the evidence liberally in favor of Plaintiff. Accordingly, the Court committed clear error by not denying summary judgment as to Plaintiff's §§ 1692d and 1692d(5) claims.

## VI.   DEFENDANT DID NOT MEET ITS BURDEN WITH RESPECT TO AN AFFIRMATIVE DEFENSE SOUNDING IN BONA FIDE ERROR.

The bona fide error defense exists as an exception to the strict liability imposed upon debt collectors by the FDCPA. Pursuant to 15 U.S.C. §1692k a debt collector's liability under the FDCPA can be absolved if "it shows by preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error." 15 U.S.C. §1692k.

The bona fide error defense is an affirmative defense which must be pled and proven. *Fox v. Citicorp Credit Servs., Inc.*, 15 F. 3d 1507, 1514 (9th Cir.1994). Failure to pursue the bona fide error defense results in waiver of any privilege that may be associated with the defense. *Picht v. John R. Hawks, Ltd.*, 236 F. 3d 446 (8th Cir. 2001). In carrying out the FDCPA's remedial scheme, courts have interpreted this affirmative defense narrowly. *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 591 (D.Md.1999), citing *Pipiles v. Credit Bureau*

*of Lockport, Inc.*, 886 F. 2d 22, 27 (2d Cir.1989); *Hulshizer v. Global Credit Services, Inc.*, 728 F. 2d 1037, 1038 (8th Cir.1984); *Baker v. G.C. Services Corp.*, 677 F. 2d 775, 779 (9th Cir. 1982).

The purpose of a bona fide error defense is not to shield debt collectors from systemic errors or abuses. *Martinez v. Albuquerque Collection Servs., Inc.*, 867 F. Supp 1495, 1502 (D. N.M. 1994). Rather, the purpose of a bona fide error defense is to protect debt collectors in cases of inadvertent clerical errors. *Munoz v. Pipestone Fin., LLC*, 397 F. Supp 2d 1129, 1132 (D. Minn.2005) ("The purpose of the bona-fide-error defense is to protect debt collectors from inadvertent clerical errors); *Baker v. GC Servs. Corp.*, 677 F. 2d 775, 779 (9th Cir. 1982) (explaining that the bona fide error defense under the FDCPA is virtually identical to the bona fide error defense under the Truth in Lending Act ("TILA"), quoting *Palmer v. Wilson*, 502 F. 2d 860, 861 (9th Cir.1974) ( "It has been uniformly held that unintentional clerical errors ... are the only violations this section (of the TILA) was designed to excuse.").

The burden of proving the bona fide error defense lies with the debt collector. To prevail on a bona fide error defense a debt collector must prove three criteria by a preponderance of evidence: (1) the debt collector's violation of the FDCPA was unintentional; (2) the debt collector's violation of the FDCPA resulted from bona fide error; and (3) the violation occurred despite procedures reasonably adapted to avoid such errors. *Beck v. Maximus, Inc.*, 457 F. 3d 291, 297-298 (3d Cir. 2006); *Johnson v. Riddle*, 443 F. 3d 723, 727-728 (10th Cir. 2006).

### A.   Mere Inadvertence Is Insufficient To Warrant Absolution Of Liability Under The Bona Fide Error Defense.

"Mere inadvertency is not sufficient to provide a defense." *Dutton v. Wolhar*, 809 F. Supp. 1130, 1138 (D. Del.1992). "[T]he fact that violations were innocuous and not abusive may be considered only in mitigating liability, and not as defenses under the Act." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1239 (5th Cir.1997).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

1. *Drossin v. National Action Financial Services, Inc.*

Defendant did not have a reasonable procedure in place that would ensure that employees would not discuss threats of garnishment or attaching bank accounts if the subject was broached by the consumer.  In *Drossin v. National Action Financial Services, Inc.*, the defendant debt collector argued that the bona fide error defense applied as the defendant did not intend to place a telephone call, found to be in violation of the FDCPA, to the plaintiff.  *Drossin v. National Action Financial Services, Inc.*, 641 F. Supp. 2d 1314, 1322 (S.D. Fla. 2009).  Specifically, the defendant contended that in October of 2007 it had an account that belonged to an individual named "J. Drossin." *Id*.  Upon running a skip-trace search to locate potential phone numbers for that person, the plaintiff's number came up. *Id*.  However, it allegedly was the result of an error that, rather than a live caller phoning Plaintiff to determine if it was the correct number for J. Drossin, the auto-dialer called Plaintiff and left the messages at issue. *Id*.

The defendant's corporate representative and in-house counsel explained procedures instituted purportedly in effort to prevent the violation at issue. *Id*.  According to his deposition, the procedure was for a number to be placed in the account notes, but not be placed in a field that the auto dialer could access until the defendant could determine if it was the correct number for the account. *Id*.  **The defendant did not have a procedure in place to specifically ensure that an employee will not enter a telephone number into the wrong field**. *Id*.

The court, in response to the defendant's claim of bona fide error, made clear:

> **The Court finds that though Defendant had procedures in place to ensure that a live person would contact someone to determine if it was the correct person, *it has not pointed to procedures in place to avoid numbers being erroneously entered and called by the auto-dialer*. "The debt collector must have in place some ongoing policy that operates to detect, correct and prevent errors." *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 529 (E.D. Pa.1996); *see also, Crawford v. Credit Collection Servs.*, 898 F. Supp. 699, 703 (D.S.D.1995) (no**

- 12 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

testimony as to any procedures in place to avoid errors). **Therefore, the *bona fide* error defense fails as to the claim that the named Plaintiff was called in error**.

\* \* \*

According to this Court's Order, Defendant's employees participate in a training program for new collectors and continuing education/training for experienced collectors focused on technology, federal and state collection laws, and policies and procedures designed to avoid making false, deceptive, or misleading representations.    The Court reasoned that these procedures were reasonable methods for preventing collection personnel from making inappropriate statements during collection calls.   However, there is no showing as to attempts made to avoid such errors if the consumer broaches the topic of wage garnishment or attachment of a bank account.  **As mere mistake is not a sufficient defense, Defendant's arguments fail and the affirmative defense of *bona fide* error is unavailing here**.  *See Adams v. Law Offices of Stuckert & Yates,* 926 F.Supp. 521, 529 (E.D.Pa.1996) (*bona fide* error defense failed, and summary judgment awarded to plaintiff, as the fact that defendant's representative had attended classes to educate himself as to the FDCPA's requirements said nothing about the specific procedures defendant followed to ensure compliance with the FDCPA).

## 2.    *Johnson v. Equifax Risk Management Services*.

Plaintiff's deposition testimony regarding the number of calls placed to her residence creates an issue of fact.  Additionally, it was not necessary that Plaintiff specifically question the reasonableness of Defendant's policies and procedures to withstand the bona fide error defense. In *Johnson v. Equifax Risk Management Services* the defendant debt collector submitted that it was entitled to summary judgment with respect to its claim that a letter found to be in violation of the FDCPA was the result of a bona fide error, thus absolving the defendant of liability for its violation.  *Johnson v. Equifax Risk Management Services*, 2004 WL 540459 \*9 (S.D. N.Y. 2004).  The defendant contended it submitted uncontested evidence that it maintained reasonable

- 13 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

procedures to avoid such errors and that in this case at bar the subject letter was inadvertently generated and sent to the plaintiff due to an undetermined processing error. *Id*. The court rejected the defendant's bona fide error defense, explaining:

> I disagree. **Although [the plaintiff] did not submit any affidavits to contradict the affidavit of [the defendant's employee], who was responsible for [the defendant's] collections operation during the time in question**, it cannot be said on the basis of [the defendant's employee's] testimony that there is no genuine issue of material fact and that being so, summary judgment must be denied.

*Id*. (emphasis added)

In the instant matter, the Court determined that the uncontested evidence established that Defendant had policies and procedures in place that were reasonably adapted to avoid false representations made to consumers, or implications that Defendant would attach a consumer's bank account if a debt was not paid without the legal right to do so. However, Defendant's intent, and whether the errors were bona fide, are issues of fact that cannot be resolved on summary judgment. *See Casey v. I.C. System, Inc.,* 2010 WL 415310 at *5 (M.D. Fla. Jan. 29, 2010). Therefore, in failing to submit the issue to the jury the Court acted improperly.

## XI.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its Order dated August 23, 2010 and enter an order granting summary judgment in favor of Plaintiff.

RESPECTFULLY SUBMITTED,

DATED:  September 2, 2010          KROHN & MOSS, LTD.


By: _/s/ Nicholas J. Bontrager_____

Nicholas J. Bontrager
Attorney for Plaintiff

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

---

## PROOF OF SERVICE

I, Nicholas J. Bontrager, state the following:

I am employed in Los Angeles, California; I am over the age of 18 and am not a party to this action; my business address is 10474 Santa Monica Blvd., Suite 401, Los Angeles, CA 90025.

On September 2, 2010, I served the following document(s):

PLAINTIFF'S MOTION FOR RECONSIDERATION

On the parties listed below:

| | |
|---|---|
| Tomio B. Narita | Attorneys for Defendant, |
| tnarita@snllp.com | Asset Acceptance, LLC. |

Jeffrey A. Topor
jtopor@snllp.com

Simonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816

By the following means of service:

[X]   **BY ELECTRONIC SERVICE:** the documents above were delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service.

[X]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically to the e-mail addresses listed above.  I am readily familiar with the firm's Microsoft Outlook e-mail system, and the transmission was reported as complete, without error.

[X]   **STATE:** I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on September 2, 2010, at Los Angeles, California.

DATED:  September 2, 2010          BY:____/s/ Nicholas J. Bontrager_____
                                                      Nicholas J. Bontrager
                                                      Attorney for Plaintiff